**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 110689

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Latasha Redding, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Ingram & Associates LLC,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Latasha Redding, individually and on behalf of all others similarly situated, (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Ingram & Associates LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Latasha Redding is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Ingram & Associates LLC, is a Tennessee Limited Liability Company with a principal place of business in Williamson County, Tennessee.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes two debts to North Shore-Lij Medical Group, and one debt to Huntington Hospital ("the debts").

11. The debts were for personal medical services and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the debts Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the debts were assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the first debt to North Shore-Lij Medical Group, Defendant contacted Plaintiff by letter ("the letter") dated December 24, 2015 ("the December 24, 2015 letter")(**Exhibit 1.**")

15. In its efforts to collect the second debt to North Shore-Lij Medical Group, Defendant contacted Plaintiff by letter ("the letter") dated March 1, 2016. ("the first March 1, 2016 letter")(**Exhibit 1.**")

16. In its efforts to collect the debt to Huntington Hospital, Defendant contacted Plaintiff by letter ("the letter") also dated March 1, 2016. ("the second March 1, 2016 letter")(**Exhibit 1.**")

17. The letters were the initial communications Plaintiff received from Defendant.

18. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692g(a)(3)**
**As to the December 24, 2015 Letter**

19. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

20. 15 U.S.C. § 1692g(a)(3) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

21. The December 24, 2015 letter fails to contain the required 15 U.S.C. § 1692g(a)(3) disclosure.

22. Defendant violated 15 U.S.C. § 1692g(a)(3) by its failure to provide the information required by that Section.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692g(a)(4)**
**As to the December 24, 2015 Letter**

23. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

24. 15 U.S.C. § 1692g(a)(4) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

25. The December 24, 2015 letter fails to contain the required 15 U.S.C. § 1692g(a)(4) disclosure.

26. Defendant violated 15 U.S.C. § 1692g(a)(4) by its failure to provide the information required by that Section.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g(a)(5)
### As to the December 24, 2015 Letter

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

28. 15 U.S.C. § 1692g(a)(5) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

29. The December 24, 2015 letter fails to contain the required 15 U.S.C. § 1692g(a)(5) disclosure.

30. Defendant violated 15 U.S.C. § 1692g(a)(5) by its failure to provide the information required by that Section.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(3)
### As to the First March 1, 2016 Letter

31. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

32. The first March 1, 2016 fails to contain the required 15 U.S.C. § 1692g(a)(3) disclosure.

33. Defendant violated 15 U.S.C. § 1692g(a)(3) by its failure to provide the information required by that Section.

### FIFTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(4)
### As to the First March 1, 2016 Letter

34. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

35. The first March 1, 2016 letter fails to contain the required 15 U.S.C. § 1692g(a)(4) disclosure.

36. Defendant violated 15 U.S.C. § 1692g(a)(4) by its failure to provide the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

information required by that Section.

### SIXTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(5)
### As to the First March 1, 2016 Letter

37. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

38. The first March 1, 2016 letter fails to contain the required 15 U.S.C. § 1692g(a)(5) disclosure.

39. Defendant violated 15 U.S.C. § 1692g(a)(5) by its failure to provide the information required by that Section.

### SEVENTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(3)
### As to the Second March 1, 2016 Letter

40. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

41. The second March 1, 2016 fails to contain the required 15 U.S.C. § 1692g(a)(3) disclosure.

42. Defendant violated 15 U.S.C. § 1692g(a)(3) by its failure to provide the information required by that Section.

### EIGHTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(4)
### As to the Second March 1, 2016 Letter

43. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

44. The second March 1, 2016 letter fails to contain the required 15 U.S.C. § 1692g(a)(4) disclosure.

45. Defendant violated 15 U.S.C. § 1692g(a)(4) by its failure to provide the information required by that Section.

### NINTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(5)
### As to the Second March 1, 2016 Letter

46. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

5

47. The second March 1, 2016 letter fails to contain the required 15 U.S.C. § 1692g(a)(5) disclosure.

48. Defendant violated 15 U.S.C. § 1692g(a)(5) by its failure to provide the information required by that Section.

## CLASS ALLEGATIONS

49. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a delinquent consumer debt without providing the rights afforded by 15 U.S.C. § 1692g, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

50. Defendant regularly engages in debt collection, using the same form collection letter they sent Plaintiff, in their attempts to collect delinquent consumer debts from other persons.

51. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers the same form collection letter it sent to Plaintiff.

52. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

53. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

54. Plaintiff will fairly and adequately protect and represent the interests of the Class.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

55. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiff as Class Representative of the Class, and her attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant statutory damages against Defendants pursuant to the FDCPA, 15 U.S.C. § 1692k; and

e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiff's costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: November 21, 2016         **BARSHAY SANDERS, PLLC**

By: _/s/ *Craig B. Sanders*_____
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 110689