**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 110689

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Latasha Redding and Jesse Albano, individually and on behalf of all others similarly situated, | Docket No: 2:16-cv-06516-JMA-ARL |
| Plaintiffs, | **AMENDED--**<br>**CLASS ACTION COMPLAINT** |
| vs. | |
| Jim Fitzsimmons, Ingram & Associates LLC and OPTUM360, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

Latasha Redding and Jesse Albano, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Jim Fitzsimmons, Ingram & Associates LLC and OPTUM360, LLC (hereinafter referred to collectively as "*Defendants*"), as follows:

**INTRODUCTION**

1.     This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2.     This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3.      Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4.      At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5.      Plaintiff Latasha Redding is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6.      Plaintiff Jesse Albano is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7.      Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8.      On information and belief, Defendant OPTUM360, LLC is a Delaware Limited Liability Company with a principal place of business in Williamson County, Tennessee.

9.      On information and belief, Defendant Ingram & Associates LLC is a Tennessee Limited Liability Company, with a principal place of business in Williamson County, Tennessee.

10.     On information and belief, Defendant Ingram & Associates LLC, is a wholly owned subsidiary of Defendant OPTUM360, LLC.

11.     On information and belief, Defendant Jim Fitzsimmons is an individual and the Chief Executive Officer of Defendant Ingram & Associates LLC, with his principal place of business located at Defendant Ingram & Associates LLC.

12.     On information and belief, Defendant Jim Fitzsimmons controls and/or supervises the debt collection activities of Defendant Ingram & Associates LLC.

13.     On information and belief, Defendant Jim Fitzsimmons controls and/or supervises the overall business direction of Defendant Ingram & Associates LLC.

14.     On information and belief, Defendant Jim Fitzsimmons controls and/or supervises the accounts receivable services operations of Defendant Ingram & Associates LLC.

15.     Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

16.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## ALLEGATIONS

17.     Defendants allege each of the Plaintiffs owe certain debts ("the debts").

18.     Defendants allege Plaintiff Redding owes two debts to North Shore-Lij Medical Group, and one debt to Huntington Hospital.

19.     Defendants allege Plaintiff Albano owe a debt to Southside Hospital.

20.     The debts were for personal medical services and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

21.     Sometime after the incurrence of the debts, Plaintiffs fell behind on payments owed.

22.     Thereafter, at an exact time known only to Defendants, the debts were assigned or otherwise transferred to Defendants for collection.

23.     In their efforts to collect the first debt Plaintiff Redding allegedly owes to North Shore-Lij Medical Group, Defendants contacted Plaintiff Redding by letter dated December 24, 2015 ("the December 24, 2015 letter")(**"Exhibit 1."**)

24.     In its efforts to collect the second debt Plaintiff Redding allegedly owes to North Shore-Lij Medical Group, Defendants contacted Plaintiff Redding by letter dated March 1, 2016. ("the first March 1, 2016 letter")(**"Exhibit 2."**)

25.     In its efforts to collect the debt Plaintiff Redding allegedly owes Huntington Hospital, Defendants contacted Plaintiff Redding by letter also dated March 1, 2016. ("the second March 1, 2016 letter")(**"Exhibit 3."**)

26.     In its efforts to collect the debt Plaintiff Albano allegedly owes Southside Hospital, Defendants contacted Plaintiff Albano by letter dated January 22, 2016. ("the January 22, 2016 letter")(**"Exhibit 4."**)

27.     The letters were the initial communications Plaintiffs received from Defendants.

28.     The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g(a)(3)
### As to Plaintiff Redding and the December 24, 2015 Letter

29.     Plaintiff Redding repeats and realleges the foregoing paragraphs as if fully restated herein.

30.     15 U.S.C. § 1692g(a)(3) requires that within five days after the initial

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector."

31.     The December 24, 2015 letter fails to contain the required 15 U.S.C. § 1692g(a)(3) disclosure.

32.     Defendants violated 15 U.S.C. § 1692g(a)(3) by their failure to provide the information required by that Section.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692g(a)(4)**
**As to Plaintiff Redding and the December 24, 2015 Letter**

33.     Plaintiff Redding repeats and realleges the foregoing paragraphs as if fully restated herein.

34.     15 U.S.C. § 1692g(a)(4) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

35.     The December 24, 2015 letter fails to contain the required 15 U.S.C. § 1692g(a)(4) disclosure.

36.     Defendants violated 15 U.S.C. § 1692g(a)(4) by their failure to provide the information required by that Section.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

### THIRD COUNT
### Violation of 15 U.S.C. § 1692g(a)(5)
### As to Plaintiff Redding and the December 24, 2015 Letter

37.     Plaintiff Redding repeats and realleges the foregoing paragraphs as if fully restated herein.

38.     15 U.S.C. § 1692g(a)(5) requires that within five days after the initial communication with a consumer in connection with the collection of any debt a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

39.     The December 24, 2015 letter fails to contain the required 15 U.S.C. § 1692g(a)(5) disclosure.

40.     Defendants violated 15 U.S.C. § 1692g(a)(5) by their failure to provide the information required by that Section.

### FOURTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(3)
### As to Plaintiff Redding and the First March 1, 2016 Letter

41.     Plaintiff Redding repeats and realleges the foregoing paragraphs as if fully restated herein.

42.     The first March 1, 2016 fails to contain the required 15 U.S.C. § 1692g(a)(3) disclosure.

43.     Defendants violated 15 U.S.C. § 1692g(a)(3) by their failure to provide the information required by that Section.

### FIFTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(4)
### As to Plaintiff Redding and the First March 1, 2016 Letter

44.     Plaintiff Redding repeats and realleges the foregoing paragraphs as if fully restated herein.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

45.     The first March 1, 2016 letter fails to contain the required 15 U.S.C. § 1692g(a)(4) disclosure.

46.     Defendants violated 15 U.S.C. § 1692g(a)(4) by their failure to provide the information required by that Section.

### SIXTH COUNT
#### Violation of 15 U.S.C. § 1692g(a)(5)
#### As to Plaintiff Redding and the First March 1, 2016 Letter

47.     Plaintiff Redding repeats and realleges the foregoing paragraphs as if fully restated herein.

48.     The first March 1, 2016 letter fails to contain the required 15 U.S.C. § 1692g(a)(5) disclosure.

49.     Defendants violated 15 U.S.C. § 1692g(a)(5) by their failure to provide the information required by that Section.

### SEVENTH COUNT
#### Violation of 15 U.S.C. § 1692g(a)(3)
#### As to Plaintiff Redding and the Second March 1, 2016 Letter

50.     Plaintiff Redding repeats and realleges the foregoing paragraphs as if fully restated herein.

51.     The second March 1, 2016 letter fails to contain the required 15 U.S.C. § 1692g(a)(3) disclosure.

52.     Defendants violated 15 U.S.C. § 1692g(a)(3) by their failure to provide the information required by that Section.

### EIGHTH COUNT
#### Violation of 15 U.S.C. § 1692g(a)(4)
#### As to Plaintiff Redding and the Second March 1, 2016 Letter

53.     Plaintiff Redding repeats and realleges the foregoing paragraphs as if fully restated herein.

54.     The second March 1, 2016 letter fails to contain the required 15 U.S.C. § 1692g(a)(4) disclosure.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

55.     Defendants violated 15 U.S.C. § 1692g(a)(4) by their failure to provide the information required by that Section.

## NINTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(5)
### As to Plaintiff Redding and the Second March 1, 2016 Letter

56.     Plaintiff Redding repeats and realleges the foregoing paragraphs as if fully restated herein.

57.     The second March 1, 2016 letter fails to contain the required 15 U.S.C. § 1692g(a)(5) disclosure.

58.     Defendants violated 15 U.S.C. § 1692g(a)(5) by their failure to provide the information required by that Section.

## TENTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(3)
### As to Plaintiff Albano and the January 22, 2016 Letter

59.     Plaintiff Albano repeats and realleges the foregoing paragraphs as if fully restated herein.

60.     The January 22, 2016 letter fails to contain the required 15 U.S.C. § 1692g(a)(3) disclosure.

61.     Defendants violated 15 U.S.C. § 1692g(a)(3) by their failure to provide the information required by that Section.

## ELEVENTH COUNT
### Violation of 15 U.S.C. § 1692g(a)(4)
### As to Plaintiff Albano and the January 22, 2016 Letter

62.     Plaintiff Albano repeats and realleges the foregoing paragraphs as if fully restated herein.

63.     The January 22, 2016 letter fails to contain the required 15 U.S.C. § 1692g(a)(4) disclosure.

64.     Defendants violated 15 U.S.C. § 1692g(a)(4) by their failure to provide the information required by that Section.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**TWELFTH COUNT**
**Violation of 15 U.S.C. § 1692g(a)(5)**
**As to Plaintiff Albano and the January 22, 2016 Letter**

65.     Plaintiff Albano repeats and realleges the foregoing paragraphs as if fully restated herein.

66.     The January 22, 2016 letter fails to contain the required 15 U.S.C. § 1692g(a)(5) disclosure.

67.     Defendants violated 15 U.S.C. § 1692g(a)(5) by their failure to provide the information required by that Section.

**CLASS ALLEGATIONS**

68.     Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendants attempted to collect a delinquent consumer debt without providing the rights afforded by 15 U.S.C. § 1692g, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

69.     Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiffs, in their attempts to collect delinquent consumer debts from other persons.

70.     The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts by sending other consumers the same form collection letter they sent to Plaintiffs.

71.     Plaintiffs' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

72.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

73.    Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiffs have retained counsel experienced in actions brought under the FDCPA.

## JURY DEMAND

74.    Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a.   Certify this action as a class action; and

b.   Appoint Plaintiffs as Class Representatives of the Class, and their attorneys as Class Counsel; and

c.   Find that Defendants' actions violate the FDCPA; and

d.   Grant statutory damages against Defendants pursuant to the FDCPA, 15 U.S.C. § 1692k; and

e.   Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f.   Grant Plaintiffs' costs; together with

g.   Such other relief that the Court determines is just and proper.

DATED: January 21, 2017

**BARSHAY SANDERS, PLLC**

By:     */s/ David M. Barshay*
David M. Barshay, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
dbarshay@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 110689

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530